Plaintiff, Fruehauf Trailer Company, in-
REGAN, Judge.
stituted this suit against the defendant, Nick J. Christiana, endeavoring to recover $1,064.00, representing the balance due on a promissory note in the amount of $2,554.-00, executed April 26, 1956, and secured by a chattel mortgage on a refrigerated trailer, which was repaired by plaintiff. The note, payable in twelve monthly installments, was executed for 75% of the amount charged for repairs plus interest at eight percent and the accessory mortgage provided for 15% attorney’s fees should it be necessary to engage an attorney’s services for the collection of the unpaid balance of the note.
Defendant answered, admitting the execution of the note, but in a reconventional demand, asserted that plaintiff as the vehicle’s collision insurer either was bound to repair the damage or to cancel the note.
*96 From a judgment in favor of plaintiff for $1,064.00 with 8% interest from January 22, 1957, plus 15% attorney’s fees, and dismissing defendant’s reconventional demand, the defendant has appealed.
The record reveals that the trailer in question was wrecked in Texas in December 1955. Defendant brought the damaged trailer to the Houston office of Fruehauf Trailer Company, where he was given an estimate of $2,800 to repair the trailer. Thereafter, the New Orleans office of Fruehauf told Christiana that if he brought the trailer back to New Orleans for repair, it would absorb the cost of transportation and would attempt to save him money on the repairs.
Gerald J. Dunn, plaintiff’s service manager, testified that an estimate was made by its personnel for $3,200, of which approximately $2,800 covered repairing the collision damage. The balance was a charge for correcting deterioration in the trailer caused by ordinary usage, primarily for replacing lining in the walls of the refrigerated unit, which had rotted over a period of time. Dunn asserted that the estimate was approved by defendant before the work was performed. He emphasized that no hidden charge for insurance premiums had been incorporated in the estimate.
Albert D. Rosselli, branch manager of plaintiff’s New Orleans office, testified that the defendant paid $800 in cash toward the repairs. The balance of $2,400, plus interest on this amount for one year at six percent or $144, plus a $10 filing and recording fee were the figures incorporated into the note. Rosselli asserted that his company required a mortgaged vehicle to be insured when the transaction involved a sale, but when the mortgage secured a repair bill, especially when the property in question was worth a considerably greater amount than the repair bill, plaintiff did not require the mortgagor to carry insurance. Rosselli also stated that the defendant’s note included no insurance premiums.
Defendant Christiana testified that the same trailer was wrecked in October 1956 in Oklahoma and it was brought to plaintiff’s New Orleans office for repair. He said that he had dealt with plaintiff for thirty years and that the company always required the mortgagor either to procure insurance or to pay premiums in addition to notes when plaintiff obtained insurance itself on the mortgaged vehicle. He stated this was true in transactions involving both sales and repairs when the amount due plaintiff was secured by a note and chattel mortgage. He claimed that the New Orleans office had agreed to repair the trailer for $2,800, as had the Houston office, asserting that the additional $400 was in effect an amount incorporated in the note to cover insurance premiums. He denied authorizing repairs at the $3,200 estimate and further claimed that he had never seen the estimate. After defendant was informed that plaintiff had not insured his trailer, and after paying two additional installments on the note subsequent to October 1956, he stopped payments completely.
The only issue presented by this litigation for determination was summarized by the trial judge as follows:
“In other words the only matter before me * * * is whether or not, included in this charge, there was in fact a charge as a premium for insurance. If there was a charge, then you were the insurer, and if there was not a charge, there was no insurance. * * *»
The court closely questioned the defendant and learned that he had merely assumed that the note was sufficient to include an insurance premium, that, in fact, no official of Fruehauf represented to him that the trailer was to be insured, and that he had no written evidence to support his claim that plaintiff was the insurer of the vehicle or had contracted to procure insurance for him.
Therefore, the trial judge reached the only result possible. The note admittedly *97 was executed by the defendant and the record fails to support defendant’s recon-ventional demand, for he failed to prove that insurance premiums were included in the note.
For these reasons the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent, takes no part.